Andrew P. Rundquist (SBN: 262523)
**Law Office of Andrew P. Rundquist**
501 W. Broadway Ste. A144
San Diego, CA 92101
Tel: 619.992.9148
E-mail: Andrew@RundquistLaw.com

Attorney for Plaintiff
Jorge Escamilla Avina

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE ESCAMILLA AVINA,<br><br>Plaintiff,<br><br>v.<br><br>PATENAUDE & FELIX, APC;<br>CREDIT CORP SOLUTIONS, INC.;<br>THOMAS FLYNN; and<br>DOES 1-10, Inclusive,<br><br>Defendant. | Case# '20CV0166 BAS MDD<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>15 U.S.C. §§ 1692 – 1692p |

Plaintiff JORGE ESCAMILLA AVINA, based on information and belief and investigation of counsel, except for those allegations which pertain to the named Plaintiff or his attorney(s) (which are alleged on personal knowledge), hereby makes the following allegations:

## **INTRODUCTION**

1. Defendants are debt collectors who unlawfully attempted to collect a debt by filing false proofs of personal service in a state court debt collection lawsuit against Plaintiff.

- 1 -
Complaint

2. Consequently, Plaintiff brings this action against Defendants for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et. seq.*, which was enacted to combat these types of unfair and deceptive practices by debt collectors. The legislative history of the FDCPA clarifies such, commenting that it was passed in part to protect consumers like Plaintiff from the unfair and deceptive debt collection abuses that occurred herein; namely, "simulating legal process" and "utilizing bogus legal documents." *Freeman v. ABC Legal Services, Inc.*, 827 F.Supp.2d 1065, 1074 (N.D. Cal. 2011).

## JURISDICTION

3. Subject matter jurisdiction of this Court arises under 28 U.S.C. §§ 1331, 1337 and 15 U.S.C. § 1692k(d). Supplemental jurisdiction exists for the state law claims, if any, pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201, 2202.

4. This action arises out of Defendants' violations of the FDCPA, 15 U.S.C. § 1692, *et. seq.* While many of the violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

## VENUE

5. Venue is this judicial district is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d) in that Defendants transact business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

## PARTIES

6. Plaintiff JORGE ESCAMILLA AVINA is a natural person residing in San Diego County, California. At all relevant times, Plaintiff was and is a "consumer" within the meaning of 15 U.S.C. § 1692(a)(3).

7. Defendant PATENAUDE & FELIX, APC ("PATENAUDE") is a professional corporation organized under the laws of the state of California and its principal place of business is located at 4545 Murphy Canyon Rd. Fl. 3, San Diego, CA 92123. PATENAUDE may be served as follows: Patenaude & Felix, APC c/o its registered agent, Raymond A. Patenaude, 4545 Murphy Canyon Rd. Fl. 3, San Diego, CA 92123. Upon information and belief, the principal business of PATENAUDE, a debt collection law firm, is the collection of consumer debt using the mails, telephone and other instrumentalities of interstate commerce. PATENAUDE regularly attempts to collect, both directly and indirectly, the consumer debt asserted to be due another. PATENAUDE is thus a "debt collector" per 15 U.S.C. § 1692a(6).

8. Defendant CREDIT CORP SOLUTIONS, INC. ("CCS") is a corporation organized under the laws of the state of Delaware and its principal place of business is located at 121 W. Election Rd. Ste. 200, Draper, UT 84020. CCS may be served as follows: Credit Corp Solutions, Inc. c/o its registered agent, Corporation Service Company, 251 Little Falls Dr., Wilmington, DE 19808. Upon information and belief, the principal business of CCS is the purchase of defaulted consumer debt and the subsequent collection of that defaulted consumer debt using the mails, telephone and other instrumentalities of interstate commerce. CCS regularly attempts to collect, both directly and indirectly, the defaulted consumer debt assigned to it. CCS is thus a "debt collector" per 15 U.S.C. § 1692a(6).

9.     Defendant THOMAS FLYNN ("FLYNN") is a natural person residing in San Diego County, California and is a sole proprietor with his principal place of business located at 4079 Governor Dr. Ste. 145, San Diego, CA 92122 where he may be served with process.  FLYNN is engaged in the business of manufacturing and selling proofs of service in the State of California.  Through the use of the U.S. mail, telephone and internet, FLYNN advertises and markets service of process and other debt collection related support services to debt collectors and debt collection law firms.  Under the trade name Lone Star Legal Services and through his website located at http://lonestarlegal.us, FLYNN advertises to debt collection law firms that he "work[s] with San Diego based Attorneys and law firms providing various legal services including Asset Searches… Background Checks… Forensic Financial Analysis & Research… [and] Income Verification…."  FLYNN regularly provides these debt collection related asset research services, including the manufacture and sell of proofs of service in debt collection lawsuits, to customers exclusively engaged in the business of collecting debts.  FLYNN, on behalf of PATENAUDE and on behalf of other debt collectors, regularly performs debt collection services and is thus a "debt collector" per 15 U.S.C. § 1692a(6).

10.     Defendant DOE is an unknown individual or business entity engaged in the business of collecting defaulted consumer debt in this state.  The true name of Defendant DOE is unknown to Plaintiff at this time and Plaintiff therefore sues said Defendant by such fictitious name.  Plaintiff is informed and believes, and thereon alleges, that at all relevant times, Defendant DOE was an individual, limited liability company, corporation or business entity of unknown form that has resided in, has done or is doing business in the state of California.  Plaintiff will seek leave of the Court to replace the fictitious name of Defendant DOE with the true name when Plaintiff discover it.  Plaintiff is informed and believes, and thereon alleges, that

- 4 -
Complaint

Defendant DOE is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6). Plaintiff is informed and believes, and thereon alleges, that Defendant DOE is vicariously liable to Plaintiff for the acts of CCS, PATENAUDE and FLYNN.

11. At all relevant times, each Defendant has committed acts, caused others to commit acts, ratified the commission of acts or permitted others to commit acts alleged herein and has made, caused, ratified or permitted others to make the untrue or misleading representations alleged herein.

12. Each reference herein to "Defendant," "Defendants" or a specifically named Defendant refers to each of the DOE defendants sued under fictitious names. Each reference herein to any act of "Defendant," "Defendants" or a specifically named defendant shall mean that each Defendant acted individually and jointly with the other Defendants. Unless otherwise indicated, the use of any Defendant's name herein includes all agents, employees, officers, members, directors, heirs, successors, assigns, principles, trustees, sureties, subrogees, representatives, and insurers of that Defendant.

## FACTUAL ALLEGATIONS

13. On or about September 6, 2016, Plaintiff allegedly defaulted on a consumer credit card account used primarily for personal, family and household purposes. 15 U.S.C. § 1692a(5). The original creditor, Synchrony Bank, thereafter, allegedly assigned all right, title and interest in the debt to defendant CCS.

14. On June 11, 2019, PATENAUDE, on behalf of CCS, filed a state court debt collection lawsuit against Plaintiff under Case No. 37-2019-00029537-CL-CL-NC in the Superior Court of San Diego. CCS and PATENAUDE then hired private process server, FLYNN, to serve the summons and complaint upon Plaintiff.

15. On July 12, 2019, FLYNN filed a proof of service with the court stating FLYNN completed personal service upon Plaintiff at his residence located at 208 S.

El Camino Real Unit B, Oceanside, CA 92058 at 10:48a.m. on July 1, 2019. **(Ex. 1).** However, Plaintiff was not actually home at the time. Plaintiff was at work. Plaintiff has never been served with nor has Plaintiff ever seen a copy of Defendants' lawsuit.

16. On October 29, 2019, Plaintiff filed a Motion to Quash Service of Summons. In response, PATENAUDE and CCS again hired FLYNN to serve summons upon Plaintiff. On November 14, 2019, FLYNN filed a second proof of service with the court stating FLYNN completed personal service upon Plaintiff at his residence located at 208 S. El Camino Real Unit B, Oceanside, CA 92058 at 2:12p.m. on November 9, 2019. **(Ex. 2).** Again, Plaintiff was not actually home at the time. Plaintiff was staying with his significant other for the weekend in South Bay 53 miles away. Plaintiff's mother found CCS' lawsuit lying on the front porch where FLYNN knowingly dropped it in his second round of "sewer service."

17. Ordinarily, one is exempted from the purview of the FDCPA (15 U.S.C. § 1692a(6)(D)) *"while serving or attempting to serve"* process. *Freeman*, 827 F.Supp.2d at 1074. But when that person, as FLYNN did here, executes a proof of service falsely claiming he effected personal service, a practice commonly referred to as "sewer service," his actions take him outside the scope of attempting to serve process and render him ineligible for the exemption. *Id.* Just one instance of "sewer service" is enough to forfeit the exemption. *Id.*; *see also Holmes v. Electronic Document Processing, Inc.,* 966 F.Supp.2d 925, 932-933 (N.D. Cal. 2013).

18. At all relevant times, defendants CCS and PATENAUDE were liable for the false proofs of service executed and filed by FLYNN. Without needing more, they are deemed vicariously liable because all the Defendants were debt collectors working together to collect the same debt. *Freeman*, 827 F.Supp.2d at 1076. Defendants CCS and PATENAUDE are further liable because they, upon

information and belief, recklessly failed to monitor the activities of FLYNN while he collected debts on their behalf. *Id*.

19. Plaintiff is informed and believes, and thereon alleges, PATENAUDE and CCS have never audited FLYNN's service of process performance in debt collection cases to measure the likelihood of realistic results. Plaintiff is informed and believes, and thereon alleges, that FLYNN serves an unrealistically high percentage of debt collection lawsuits by personal service and by personal service on the first attempt. Plaintiff is informed and believes, and thereon alleges, that FLYNN's service results in debt collection cases show an unrealistically low number of failed service attempts compared to successful service attempts  At all relevant times, it has been the routine practice of PATENAUDE and CCS to regularly hire FLYNN to serve process on debt collection lawsuits in California either knowing that FLYNN's service of process results are historically unrealistic or recklessly hiring and supervising FLYNN without regard to whether FLYNN's service of process results were historically unrealistic. Plaintiff is informed and believes, and thereon alleges, that FLYNN's unrealistic service of process results make obvious the fraud FLYNN has perpetrated on a large number of consumers in California, and PATENAUDE and CCS have consistently ratified and sanctioned that fraud by ignoring said results.

20. Plaintiff is informed and believes, and thereon alleges, PATENAUDE and CCS have never audited FLYNN's proofs of service, audits that would have easily revealed FLYNN was not in fact effecting personal service despite FLYNN's declarations to the contrary. To wit, FLYNN's proofs of personal service filed on behalf of PATENAUDE and CCS have historically described every person personally served with the inexplicable description "///Hair://" and nothing more. After Plaintiff's challenge to FLYNN's July 12, 2019 proof of service, FLYNN, for

the first time in what is believed to be hundreds of cases, changed the description of the person served from "///Hair://" to "NA / MALE / NA / Hair:NA / NA / NA." From the face of FLYNN's proofs of service, Plaintiff is informed and believes, and thereon alleges, FLYNN has a system in place to record and document the physical descriptions of the persons served, but that FLYNN willfully ignores and fails to complete these descriptions because FLYNN is routinely declaring personal service without laying eyes on these persons.  Plaintiff is informed and believes, and thereon alleges, that PATENAUDE and CCS routinely ignore FLYNN's proofs of service that appear fraudulent on their face and continue to ratify and sanction FLYNN's lack of diligence by continuing to hire FLYNN despite the obvious deficiencies on the face of FLYNN's proofs of service

21. Upon information and belief, Defendants, and each of them, combined their property, skill or knowledge to carry out a single business undertaking and agreed to share the control, profits, and losses.  CCS and PATENAUDE engage FLYNN to perform service of process for the reason that FLYNN reports unrealistically high rates of successful service for debt collection lawsuits.  FLYNN, in turn, is encouraged and incentivized to falsely report unrealistically high rates of successful service to retain the business of his highest volume debt collector customer, PATENAUDE.  As a result of Defendants' combined misconduct, debtors like Plaintiff are harassed, oppressed and abused in connection with the collection of debts to the extent default judgments are obtained without notice to the debtors. Debtors are forced to incur actual damages in the form of attorneys' fees in an effort to have the deceptively obtained default judgments set aside or vacated, and thus Defendants' misconduct unfairly and oppressively increases the costs of the debts for debtors.

22. In this matter, Plaintiff was required to engage legal counsel to represent him at the state court level to challenge the sufficiency of service of process and thereby incurred actual damages in the form of attorney's fees and costs. *Riley v. Giguiere*, 631 F.Supp.2d 1295, 1313-1314 (E.D. Cal. 2009); *Lowe v. Elite Recovery Solutions*, 2008 WL 324777 *3 (E.D. Cal. Feb. 5, 2008); *Sykes v. Mel Harris & Assoc., LLC*, 757 F.Supp.2d 413, 427-428; *Owens v. Howe*, 365 F.Supp.2d 942, 948 (N.D. Ind. 2005).

## FIRST CAUSE OF ACTION:

## VIOLATION OF THE FDCPA (15 U.S.C. §§ 1692, *ET. SEQ.*)

23. Plaintiff brings this first claim for relief against Defendants under the FDCPA, 15 U.S.C. §§ 1692, *et. seq*.

24. Plaintiff incorporates all preceding paragraphs in this Complaint as though fully set forth herein.

25. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

26. Defendants are "debt collectors" as that term is defined by 15 U.S.C. § 1692a(6).

27. The financial obligation alleged to be owed by Plaintiff is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

28. Defendants have violated the FDCPA. The violations include, but are not limited to, the following:

    a.    15 U.S.C. § 1692d: engaging in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt;

    b.    15 U.S.C. § 1692e(2)(A): falsely representing the character and legal status of the debt to the extent that Defendants falsely represented that

   the state court had acquired personal jurisdiction over Plaintiff in the debt collection lawsuit and thus could proceed with the action despite Plaintiff never having actually received notice of suit;

  c. 15 U.S.C. §§ 1692e, e(10): using false, misleading and deceptive means in connection with the attempt to collect a debt; and

  d. 15 U.S.C. § 1692f: using unfair and unconscionable means in an attempt to collect a debt.

29. Defendants' acts as described above were done knowingly and intentionally with the purpose of coercing Plaintiff to pay the debt.

30. As a result of Defendants' violations of the FDCPA, Plaintiff has been caused to incur damages in the form of attorneys' fees necessary to quash Defendants' fraudulent proofs of service at the state court level.

31. As a result of Defendants' violations of the FDPCA, Plaintiff has been caused to suffer anxiety and emotional distress.

32. As a result of Defendants' violations of the FDPCA, Plaintiff is entitled to an award of statutory damages, actual damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays this Court:

a) Assume jurisdiction in this proceeding;

b) Declare that Defendants violated the FDCPA, including, but not limited to, 15 U.S.C. §§ 1692d, 1692e, 1692e(2)(A), 1692e(10) and 1692f;

c) Award Plaintiff actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

d) Award Plaintiff the maximum amount of statutory damages available pursuant to 15 U.S.C. § 1692k(a)(2);

    e)    Award Plaintiff the costs of this action and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

    f)    Award Plaintiff such other and further relief deemed proper and just.

### **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, JORGE ESCAMILLA AVINA, hereby demands a trial by jury of all triable issues of fact in the above-referenced case.

**LAW OFFICE OF ANDREW P. RUNDQUIST**

Date: 1/24/2020        By: /s/ Andrew P. Rundquist
                                    Andrew P. Rundquist, Esq. (SBN: 262523)
                                    501 W. Broadway Ste. A144
                                    San Diego, CA 92101
                                    Telephone: (619) 992-9148
                                    Email: andrew@rundquistlaw.com

                                    Attorney for Plaintiff
                                    JORGE AVINA

# EXHIBIT 1

| Attorney or Party without Attorney (Name, State Bar number, and address): | For Court Use Only |
|---|---|
| Patenaude & Felix, APC<br>Michael R. Boulanfer, Esq #226924/ Michael D. Kahn #236898<br>4545 Murphy Canyon Road, 3rd Fl<br>San Diego, CA 92123<br>Telephone No: (858)244-7600   Fax No. (Optional): (858)836-0318<br>E-mail Address (Optional):<br>Attorney for (Name): Plaintiff | FILED<br>NORTH COUNTY DIVISION<br>2019 JUL 12 PM 12: 48<br>(7)<br>CLERK-SUPERIOR COURT<br>SAN DIEGO COUNTY, CA |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO<br>325 South Melrose<br>Vista CA 92081<br>NORTH COUNTY DIVISION | |
| PLAINTIFF/PETITIONER: CREDIT CORP SOLUTIONS INC., ASSIGNEE OF SYNCHRONY BANK<br>DEFENDANT/RESPONDENT: JORGE ESCAMILLA AVINA | Case Number:<br>37-2019-00029537-CL-CL-NC |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>19-15147 |

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   NOTICE OF CASE ASSIGNMENT; CIVIL CASE COVER SHEET; SUMMONS; COMPLAINT; DECLARATION RE: VENUE
3. a. Party served (specify name of party as shown on documents served):
      JORGE ESCAMILLA AVINA
   b. Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) (specify name and relationship to the party named in item 3a):
4. Address where the party was served:
   208 S EL CAMINO REAL UNIT B, OCEANSIDE, CA 92058-3803
5. I served the party (check proper box)
   a. ☑ by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party on (date): 07/01/19 10:48 AM
      /// Hair: //
   b. by substituted service. On (date): at (time): I left the documents listed in item 2 with or in the presence of (name and title or relationship to person indicated in item 3):

   (1) **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

   (2) **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

   (3) **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

   (4) I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on (date): from (city): or a declaration of mailing is attached.

   (5) I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2
1592834

PROOF OF SERVICE OF SUMMONS

| PLAINTIFF/PETITIONER: CREDIT CORP SOLUTIONS INC., ASSIGNEE OF SYNCHRONY BANK | Case Number: 37-2019-00029537-CL-CL-NC |
|---|---|
| DEFENDANT/RESPONDENT: JORGE ESCAMILLA AVINA | |

    c. **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,
       (1) on (date):  (2) from (city):

       (3) with two copies of the Notice and Acknowledgment of Receipt and a postage-paid return envelope addressed to me. (Attach completed Notice and Acknowledgement of Receipt.) (Code Civ. Proc., §415.30.)
       (4) to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

    d. **by other means** (specify means of service and authorizing code section):
       Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
    a. ☑ as an individual defendant.
    b. as the person sued under the fictitious name of (specify):
    c. as occupant.
    d. On behalf of (specify):
       under the following Code of Civil Procedure section:

       416.10 (corporation)                        415.95 (business organization, form unknown)
       416.20 (defunct corporation)             416.60 (minor)
       416.30 (joint stock company/association)  416.70 (ward or conservatee)
       416.40 (association or partnership)       416.90 (authorized person)
       416.50 (public entity)                           415.46 (occupant) other:
                                                                             other:

7. **Person who served papers**
    a. Name: Thomas Flynn
    b. Address: 1055 Wilshire Blvd St 1550, Los Angeles, CA 90017
    c. Telephone number: 323-443-0032
    d. The fee for service was: $82.50
    e. I am:
       (1) not a registered California process server.
       (2) exempt from registration under Business and Professions Code section 22350(b).
       (3) ☑ a registered California process server:
           (i) owner      employee ☑ independent contractor.
           (ii) Registration No.: 3184
           (iii) County: San Diego County

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

9. **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: 07/01/19 10:48 AM

_____
Thomas Flynn                                   (Signature)

*FILED BY FAX*

Page 2 of 2
1592834

PROOF OF SERVICE OF SUMMONS

# EXHIBIT 2

| Attorney or Party without Attorney (Name, State Bar number, and address): <br>**Patenaude & Felix, APC** <br>Michael R. Boulanfer, Esq #226924/ Michael D. Kahn #236898 <br>4545 Murphy Canyon Road, 3rd Fl <br>San Diego, CA 92123 <br>Telephone No: (858)244-7600 Fax No. (Optional): (858)836-0318 <br>E-mail Address (Optional): <br>Attorney for (Name): Plaintiff | For Court Use Only |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO <br>325 South Melrose Dr. <br><br>Vista CA 92081 <br>NORTH COUNTY DIVISION | **FILED** <br>Clerk of the Superior Court <br>**NOV 14 2019** <br>By: _____ Clerk |
| PLAINTIFF/PETITIONER: CREDIT CORP SOLUTIONS INC., ASSIGNEE OF SYNCHRONY BANK <br>DEFENDANT/RESPONDENT: JORGE ESCAMILLA AVINA | Case Number: <br>37-2019-00029537-CL-CL-NC |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:19-15147 |

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   NOTICE OF CASE ASSIGNMENT; CIVIL CASE COVER SHEET; SUMMONS; COMPLAINT; DECLARATION RE: VENUE
3. a. Party served (specify name of party as shown on documents served):
      JORGE ESCAMILLA AVINA
   b. Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) (specify name and relationship to the party named in item 3a):
4. Address where the party was served:
   208 S EL CAMINO REAL UNIT B, OCEANSIDE, CA 92058-3803
5. I served the party (check proper box)
   a. ☑ by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party on (date): 11/09/19 2:12 PM
      NA / MALE / NA / Hair:NA / NA / NA
   b. by substituted service. On (date): at (time): I left the documents listed in item 2 with or in the presence of (name and title or relationship to person indicated in item 3):

   (1) **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
   (2) **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
   (3) **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
   (4) I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on (date): from (city): or a declaration of mailing is attached.
   (5) I attach a **declaration of diligence** stating actions taken first to attempt personal service.



| PLAINTIFF/PETITIONER: CREDIT CORP SOLUTIONS INC., ASSIGNEE OF SYNCHRONY BANK | Case Number: 37-2019-00029537-CL-CL-NC |
|---|---|
| DEFENDANT/RESPONDENT: JORGE ESCAMILLA AVINA | |

    c.    **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,
          (1) on (date):   (2) from (city):

          (3)    with two copies of the Notice and Acknowledgment of Receipt and a postage-paid return envelope addressed to me. (Attach completed Notice and Acknowledgement of Receipt.) (Code Civ. Proc., §415.30).
          (4)    to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

    d.    **by other means** (specify means of service and authorizing code section):
        Additional page describing service is attached.

6.    The "Notice to the Person Served" (on the summons) was completed as follows:
    a. ☑    as an individual defendant.
    b.    as the person sued under the fictitious name of (specify):
    c.    as occupant.
    d.    On behalf of (specify):
        under the following Code of Civil Procedure section:

          416.10 (corporation)          415.95 (business organization, form unknown)
          416.20 (defunct corporation)          416.60 (minor)
          416.30 (joint stock company/association)    416.70 (ward or conservatee)
          416.40 (association or partnership)        416.90 (authorized person)
          416.50 (public entity)               415.46 (occupant) other:
                                                                other:

7.    **Person who served papers**
    a. Name: Thomas Flynn
    b. Address: 1055 Wilshire Blvd St 1550, Los Angeles, CA 90017
    c. Telephone number: 323-443-0032
    d. The fee for service was: $82.50
    e. I am:
        (1)    not a registered California process server.
        (2)    exempt from registration under Business and Professions Code section 22350(b).
        (3) ☑    a registered California process server:
          (i)    owner    employee ☑    independent contractor.
          (ii) Registration No.: 3184
          (iii) County: San Diego County

8. ☑    **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
9.    **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: 11/09/19 2:12 PM

Thomas Flynn                          (Signature)



**FILE BY FAX**

Page 2 of 2

PROOF OF SERVICE OF SUMMONS