# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE ESCAMILLA AVINA, on behalf of himself and all others similarly situated,<br><br>  Plaintiff,<br><br>  v.<br><br>PATENAUDE & FELIX, APC; CREDIT CORP. SOLUTIONS, INC.; THOMAS FLYNN,<br><br>  Defendants. | Case No. 20-cv-00166-BAS-MDD<br><br>**ORDER GRANTING DEFENDANT SPECIALIZED ATTORNEY SERVICES INC.'S UNOPPOSED MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>**(ECF No. 44)** |

Defendant Specialized Attorney Services, Inc. ("SPS") filed a Motion to Dismiss Plaintiff's Second Amended Complaint ("Motion") on June 11, 2021, noticing a hearing date of August 9, 2021. (ECF No. 44.) Plaintiff's deadline to file an opposition was July 26, 2021. *See* Civ. LR 7.1(e). No opposition was filed on the docket and SPS informed the Court that it never received service of Plaintiff's opposition. (ECF No. 47.)

Civil Local Rule 7.1(e)(2) provides that a party opposing a motion must file either an opposition or a statement of non-opposition no later than fourteen calendar days prior to the noticed hearing date. If a party fails to comply with this rule, "that failure may constitute a consent to the granting of a motion or other request for ruling by the court." Civ.LR 7.1(f)(3)(c). A district court may properly grant a motion to dismiss for failure to respond pursuant to the court's local rules. *See Ghazali v. Moran*, 46 F.3d 52, 52 (9th Cir.

1995) (per curiam) (affirming dismissal for failure to file timely opposition papers where plaintiff had notice of the motion and ample time to respond).  Furthermore, even though federal courts will construe pleadings liberally in their favor, "pro se litigants are bound by the rules of procedure."  *Ghazali*, 46 F.3d at 54 (citing *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds by Lacey v. Maricopa Cty.*, 693 F.3d 896 (9th Cir. 2012)).

Because Plaintiff's deadline to respond has passed and there is no indication that he did not receive notice of SPS's Motion, the Court deems Plaintiff's failure to oppose as consent to granting the motion.  See CivLR 7.1(f)(3)(c).  The Court's own review of the record also supports dismissing Plaintiff's Complaint.  Accordingly, the Court **GRANTS** SPS's Motion to Dismiss (ECF No. 44) and **DISMISSES WITHOUT PREJUDICE** Plaintiff's action as to SPS.

**IT IS SO ORDERED.**

**DATED: August 30, 2021**

Hon. Cynthia Bashant
United States District Judge